396 So.2d 1291 (1981)
STATE of Louisiana
v.
Curtis JACKSON.
No. 80-KA-1983.
Supreme Court of Louisiana.
April 6, 1981.
*1292 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Cornelius Regan, Louise Korns, Asst. Dist. Attys., for plaintiff-appellee.
William J. O'Hara, III and Ernie L. Vallery, New Orleans, of Loyola Law School Clinic, for defendant-appellant.
LEMMON, Justice.
The principal issues in this appeal relate to the trial judge's refusal to accept a stipulation offered in lieu of the testimony of a defense witness and to allegedly prejudicial remarks made by a witness for the prosecution.
On September 14, 1978 two persons observed defendant in the act of breaking into the residence of one of their neighbors. The witnesses saw defendant force the door open with a crowbar and enter the dwelling, and they eventually saw him leave with various items.
When the police arrived at the scene in response to a call from the occupant of the dwelling who had returned home and discovered the burglary, the witnesses reported their observations to the investigating officers. Both witnesses had known defendant for several years and positively identified him as the burglar.
Defendant, a felon on probation, was arrested, prosecuted and convicted of simple burglary. After being adjudicated a habitual offender pursuant to R.S. 15:529.1, he was sentenced to serve ten years imprisonment.
At trial the state presented the testimony of the two eyewitnesses, who related defendant's actions that they observed from the front porch of their apartment building, which was located across the street from the victim's residence. Using photographs taken from both sides of the street, defense counsel extensively cross-examined both witnesses as to their ability to observe from their location the burglar's point of entry, which was a door facing a sidewalk in a narrow side yard of the victim's apartment.
Following the state's case in chief, defense counsel offered a stipulation to the effect that a certain deputy sheriff, who lived in the neighborhood where the burglary occurred, would testify that in the deputy's opinion the state's witnesses from their stated vantage point could not have seen what they claimed to have seen.[1] Although the state did not object, the trial court refused to allow defendant to present the stipulated testimony to the jury.[2]
*1293 The trial court did not abuse its discretion in refusing to allow this stipulation, as stated, to be presented to the jury. One witness' opinion as to the accuracy of another witness' testimony generally will not be helpful to the jury. Under some circumstances the testimony of a non-expert witness in the form of an opinion or inference may be admitted when the testimony is "rationally based upon the perception of the witness" and is "helpful to a clear understanding of his testimony or the determination of a fact in issue". See F.R.Ev. 701. This exception applies when its difficult for the witness to express himself without venturing an opinion.[3] The defense witness in this case could have testified concerning the physical attributes of the place of the offense and of the various obstructions to view located there, or could have stated that he had attempted to view the burglar's point of entry from the eyewitnesses' porch and was unable to do so. However, the stipulation of testimony was offered in the form of an opinion as to the accuracy of testimony given by other witnesses, and the trial judge properly refused to accept the stipulation in the form in which it was offered. Moreover, defense counsel did not attempt to call the witness for testimony as to facts within his knowledge or to reformulate the stipulation in factual and non-objectionable terms.
Finally, inadmissible evidence, even when not objected to by a party, may be excluded.[4] A trial judge is more than a mere umpire and has an obligation to see that the jury is only presented with evidence that will aid in its search for the truth. State v. Baldwin, 388 So.2d 679 (La. 1980).
Defendant's other assessment of error is that the trial court should have granted his motions for a mistrial and for a new trial.
Mrs. Sallie Stevenson, a state witness, testified on direct that she saw defendant break into and enter the victim's residence. When defense counsel questioned her at length about whether she had actually been able to view the scene of the offense from her apartment, the following exchange occurred:
"... Just walk back in there and see what you can see. Now, don't ask me all those crazy questions because it's nonsense.
"Q. All I'm asking, Miss Stevenson, is how far _ _ _
"A. You know one thing, I think the state done spent about Fifty Thousand Dollars since this case been on. Now, I'm going to tell you just what I think. The Probation Office should have put him in school when I told him. It didn't take all of this _ _ _"
Defendant then objected and moved for a mistrial based on the witness' unsolicited response. The trial judge denied the motion without stating a reason.
Later during cross-examination, the following exchange occurred:
"Q. So, you knew Curtis didn't go to the funeral with her, but you still thought Curtis might be opening the door for her.
"A. Well, I thought maybe she had come back from the funeral, and left her keys in the house, and he was opening the door for her.
"Q. One hour.
"A. Yeah. They tried to get my son to break in that brick house, and I told him he better get his tail from across that street."
Defendant again moved for a mistrial, and the trial court denied the motion.
Defendant asserts that his motions should have been granted because the witness' remarks were impermissible and prejudicial references to other crimes.
The state may not introduce evidence of other criminal acts of the accused, unless the evidence is substantially relevant for some other purpose than to show a *1294 probability that the accused has committed the charged offense or that he is a man of bad character. State v. Cann, 392 So.2d 381 (La.1980). Further, when a direct or indirect reference to another crime committed or alleged to have been committed by defendant, as to which evidence would not be admissible, is made within the hearing of the jury by the judge, district attorney or a court official, C.Cr.P. art. 770(2) requires a mistrial on motion of defendant.
Since the witness was not a court official, C.Cr.P. art. 770 does not apply. The applicable provision is C.Cr.P. art. 771, which provides in pertinent part:
"In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
* * * * * *
"(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
"In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial."
It does not appear, nor does defendant claim, that the remark made by Mrs. Stevenson was deliberately planned by the prosecution to prejudice the rights of defendant. Her answer and remarks appear to have been volunteered, unsolicited and not designed by her to prejudice the accused. Unsolicited and unresponsive testimony is not chargeable against the state to provide a ground for reversal of a conviction. State v. Kimble, 375 So.2d 924 (La. 1979); State v. Lewis, 353 So.2d 703 (La. 1977); State v. Hutto, 349 So.2d 318 (La. 1977); State v. Hardy, 344 So.2d 1018 (La. 1977).
Furthermore, Mrs. Stevenson's remarks were cryptic, obscure references to other crimes made without explanation or elaboration, and there was no discussion by the counsel or the court to call further attention to the statements. Even if these remarks were within the contemplation of art. 771(2), it does not follow that a mistrial should have been granted since, in the absence of clear prejudice, the defense is only entitled to have the trial judge admonish the jury to disregard the objectionable remark. State v. Lewis, 315 So.2d 626 (La. 1975). The jury was instructed to disregard the witness' statements. Defendant's motions were properly denied.
The conviction and sentence are affirmed.
DENNIS, J., concurs.
NOTES
[1] The stipulation in its entirety, as offered by defendant, was as follows:

"Your Honor, at this time, we would proffer that if Sgt. Wellington DeJoie of the Orleans Parish Criminal Sheriff's Office were called, he would testify that he's lived in this neighborhood for over thirty years. He knows all the people involved. He is very familiar with the houses involved, and that he would testify that, in his opinion, the two state's witnesses, Miss Stevenson and Mr. Williams, could not have seen down the alley from their front porch, and where they say they saw, and that he knows of their testimony because he was assigned to the Magistrate Court session during the preliminary hearing of this matter."
[2] In brief the state contends that an objection was raised. However the record reveals the state's acquiescence in the stipulation. The state, of course, refused to stipulate the truth of the testimony, but only agreed that the deputy would, in fact, have ventured such an opinion if called as a witness.
[3] For example, a lay witness might have difficulty in describing, without stating conclusions, a person who appeared to be "sleepy" or "angry".
[4] See State ex rel Fields v. Maggio, 368 So.2d 1016 (La.1979), where this court found no error in the trial court's refusal to permit the parties to offer polygraph evidence even by stipulation.