SAVOIE, Judge.
Russell Morris, defendant, was indicted under Louisiana Revised Statute 14:64 for the crime of armed robbery. At *90 his first trial, the jury was unable to reach a verdict and a mistrial was declared. Upon retrial, he was found guilty as charged. Following his conviction, the defendant was charged as a multiple offender under Suit No. 82 KA 0796 and based upon a prior conviction of simple burglary (La. Revised Statute 14:62), he was sentenced to be confined in the custody of the Department of Corrections for 33 years without benefit of probation, parole or suspension of sentence. In Suit No. 82 KA 0757, wherein defendant was found guilty of armed robbery, the defendant raised five assignments of error in the trial court. On appeal, however, he failed to brief assignments of error Nos. 1, 4 and 5. Thus, those assignments are considered abandoned. State v. Vanderhoff, 415 So.2d 190 (La.1982). In Suit No. 82 KA 0796, wherein defendant was adjudged an habitual offender, the defendant raised four assignments of error. On appeal, defendant failed to brief assignments of error Nos. 1 and 4. Thus, those assignments are also considered abandoned. State v. Vanderhoff, supra.
ASSIGNMENT OF ERROR NO. 2, SUIT NO. 82 KA 0757
Defendant contends that the trial court erred in refusing to grant his challenge for cause of a prospective juror, Doris Chapman. Defense counsel argues that Mrs. Chapman was probably more pro-law enforcement than the average person because she has two married daughters, a niece and a nephew who work for the sheriff’s department. Upon trial judge’s denial of his challenge for cause, Mrs. Chapman was excused peremptorily by defense counsel.
It is true that service on a criminal jury by one associated with law enforcement duties should be closely scrutinized and may justify a challenge for cause. However, a relationship to someone associated with law enforcement duties does not by itself automatically disqualify one from service on a criminal jury. State v. Heard, 408 So.2d 1247 (La.1982). The trial court has broad discretion in ruling on challenges for cause and, as such, a ruling will not be disturbed absent a showing of abuse of discretion. State v. Eastin, 419 So.2d 933 (La.1982).
Mrs. Chapman testified that her judgment in this matter would not be affected in any manner by the relationships at issue. She indicated that she understood that the state had the burden of proof in this matter and knew of no bias or prejudice she had which would prevent her from serving on this jury, if chosen.
Considering the above and foregoing, we find no abuse of the trial court’s discretion. This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 3, SUIT NO. 82 KA 0757
Next, defendant contends that he should have been granted a mistrial because the robbery victim, John Tate, made a reference to defendant’s first trial during direct examination by the prosecutor. This came about as follows: Following testimony relative to the perpetrator of the robbery, the prosecutor asked Mr. Tate, “Have you seen this person you have been referring to today?” Mr. Tate replied, “When we had the trial last time.” Mr. Tate then pointed out defendant as being that person. At this point, defense counsel moved for a mistrial. The prosecutor stated that he had no objection to an admonition being given; but defense counsel did not request one, stating that he felt it would only serve to draw the jury’s attention to the previous trial.
Defendant does not contend that the prosecutor deliberately sought to elicit the reference made by Mr. Tate to defendant’s first trial. Tate’s response was clearly beyond the scope of the prosecutor’s question. Unsolicited and unresponsive testimony is not chargeable against the state to provide a ground for reversal of a conviction. State v. Perry, 420 So.2d 139 (La.1982).
The state did not seek to elaborate on the victim’s one brief reference to defendant’s previous trial. The trial court was of the opinion that the jury may not have caught the significance of this reference. While such a reference could give *91 rise in the jury’s mind to an inference adverse to defendant, it could just as well give rise to an inference adverse to the state. For instance, while the jury might believe the defendant was previously convicted, it could just as well believe that the state was previously unable to prove a case against defendant. In the absence of clear prejudice, a defendant is entitled only to an admonition rather than a mistrial. State v. Jackson, 396 So.2d 1291 (La.1981). Defense counsel did not elect to request an admonition and, therefore, cannot complain of any prejudice resulting from a lack thereof. This assignment of error is without merit.
ASSIGNMENTS OF ERROR NOS. 2 AND 3, SUIT NO. 82 KA 0796
Finally, defendant contends that certain documents, i.e., a State Police rap sheet and fingerprint card reflecting his past criminal record, should not have been allowed into evidence at his habitual offender hearing. The basis of this argument is that Ms. Hill-burn, the State Police employee who brought these records into court and testified therefrom, was an improper person to do so.
Defendant has objected to the admissibility of these documents only with respect to the requirement of authentication. State v. Nicholas, 359 So.2d 965 (La.1978). Ms. Hill-burn’s testimony indicated that the documents in question were from the criminal records section of the State Police, which •receives information from other agencies and acts as a central repository. Ms. Hill-burn, a latent fingerprint examiner, testified that these documents were under her supervision and control, although not exclusively, and that their correctness was her responsibility. She further stated that she has a supervisor over her who is in charge of the entire criminal records section. However, she also stated that she has personal access to these records, including her own key, and authority to remove them.
Although the required authentication is normally made by the official custodian of a public document, this authority may be delegated. State v. Cobb, 419 So.2d 1237 (La.1982). It must be clear from the record, however, that a person authenticating an original by custody by virtue of delegated authority has been entrusted with legal custody of the documents by the original official custodian. State v. Cobb, supra. The person authenticating the documents must be able to testify from personal knowledge as to the fact of its official custody, specifically from whom and. from what office he received the document. Id.
It is clear from the record that Ms. Hillburn has been entrusted with legal custody of the documents in question and delegated authority to testify as to their authenticity. The documents in question have been properly authenticated and, accordingly, this assignment of error is without merit.
For the above and foregoing reasons, the conviction of Russell Morris on a charge of armed robbery in Suit No. 82 KA 0757 is affirmed. Additionally, the adjudication of the defendant as a multiple offender and enhancement of sentence due to a prior conviction of simple burglary in Suit No. 82 KA 0796 is also affirmed.
AFFIRMED.