448 So.2d 757 (1984)
STATE of Louisiana, Appellee,
v.
Oliver GRISSOM, Appellant.
No. 15753-KA.
Court of Appeal of Louisiana, Second Circuit.
March 26, 1984.
Rehearing Denied May 2, 1984.
*758 Hunter & Scott by Louis G. Scott, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Johnny Parkerson, Dist. Atty. by Michael J. Fontenot, Asst. Dist. Atty., Monroe, for appellee.
Before JASPER E. JONES and NORRIS, JJ., and McCLENDON, J. Pro Tem.
McCLENDON, Judge Pro Tem.
The defendant was found guilty by a jury of aggravated burglary (R.S. 14:60) and sentenced to 20 years at hard labor. He appealed. For the following reasons we affirm.
At approximately 1:00 A.M. on July 27, 1982 the victim, Edith Brisco, was grabbed from behind by a masked assailant in the hallway of her Monroe residence. The assailant threatened her life twice and attempted to force her into a bedroom. Her children were awakened by her calls for help and they successfully drove the assailant from the home.
Minutes after the burglary the defendant was stopped by the police two blocks from the Brisco residence. The police officer observed the defendant throw two objects to the ground, which were determined to be a new pair of yellow or gold colored tennis shoes recently purchased for one of the Brisco children and later found missing from the home. Defendant also had in his possession a bent fork which the victim identified as her own. Blue flakes of paint found on the defendant's hair matched the paint on the wall of the victim's home in the area where entry was made. Finally, a neighbor identified the defendant as the person he observed fleeing the residence. *759 Defendant was arrested and charged with aggravated burglary.
Defense counsel relied upon five assignments of error in seeking to overturn defendant's conviction.
Assignments one and two relating to (1) refusal of the trial judge to permit defendant to present evidence of his past relationship with the victim and (2) to the alleged error of permitting the trial to proceed based upon a bill of information after a grand jury had failed to indict defendant, are considered abandoned because neither was briefed or argued. State v. Domingue, 298 So.2d 723 (La.1974); State v. Reed, 324 So.2d 373 (La.1975).
Argument in brief by defense counsel covered the other three assignments in reverse order.
Defendant's fifth assignment of error related to the court's alleged error in dismissal of a motion to quash filed because the bill of information was not timely filed. It is further argued that the error was compounded by dismissal being made out of the presence of defendant.
La.C.Cr.P. Article 701(B) states:
The time period for filing a bill of information or indictment after arrest shall be as follows:
(1) When the defendant is continued in custody subsequent to an arrest an indictment or information shall be filed ... within sixty days of arrest if defendant is being held for a felony.
(2) ...
Failure to institute prosecution as provided in subsection (1) shall result in release of the defendant if, after contradictory hearing with the district attorney, just cause for failure is not shown....
The defendant was arrested on July 27, 1982; the bill of information was filed on January 17, 1983. The motion to quash and motion to release were filed on February 7, 1983. A hearing on the motion was held on February 8, 1983; the court minutes reflect the defendant made no appearance in court and the motion was dismissed. The defendant, represented by counsel, appeared in court two more times prior to trial and made no objection to the dismissal of the motion to quash. Clearly, defendant has failed to prove he was prejudiced by the delay in filing the bill. Even had he and his counsel appeared at the time set (February 8, 1983) and argued successfully the motion to quash, he would only have been entitled to release from incarceration, not discharge from prosecution. As noted by the State, defendant was being held on other charges and would not even have accomplished release.
The defendant has a right to be present at all stages of the proceedings, but his presence was not essential to the ruling on the motion to quash (C.Cr.P. Art. 834). This assignment is without merit.
Next the defendant argues under Assignment No. 4 that the trial court erred in denying his motions for a mistrial after two state witnesses made reference to other crimes evidence.
While the victim was being cross-examined by defense counsel on matters relating to her prior relationship with defendant, she was asked when she stopped seeing the defendant. She answered, "I stopped seeing him when he went to the penitentiary." Defendant moved for a mistrial which was denied.
While cross-examining the arresting officer, Larry Martin, the defense counsel asked if the officers continued to look for suspects in the area after the defendant's arrest. The officer answered, "Immediately after the arrest, which at the time was on a possession of marijuana charge ... I had my hands full trying to straighten everybody out, then we continued to patrol the area." Again defendant moved for a mistrial which was denied.
The state may not introduce evidence of criminal acts of the accused unless the evidence is substantially relevant for some other purpose than to show a probability that the accused has committed the charged offense or that he is a man of bad *760 character. State v. Jackson, 396 So.2d 1291 (La.1981).
However, La.C.Cr.P. Art. 771 provides that if a witness makes a prejudicial remark against a defendant, the court shall admonish the jury to disregard the remark. If the admonition is not sufficient to insure a fair trial, then the court may grant a mistrial.
In State v. Jackson, supra, the court made the following pertinent comment:
"Even if these remarks were within the contemplation of Article 771, it does not follow that a mistrial should have been granted since, in the absence of clear prejudice, the defense is only entitled to have the trial judge admonish the jury to disregard the objectional remark. State v. Lewis, 315 So.2d 626 (La.1975)." (Emphasis added)
The trial judge offered to admonish the jury to disregard the remarks in both instances; however, defense counsel opted instead to have a special instruction given to the jury regarding other crime evidence. The defendant cannot complain of this tactical decision on appeal. Also, the remark by the victim was unsolicited and not designed by her to prejudice the accused. Unsolicited and unresponsive testimony is not chargeable against the state to provide a ground for reversal of a conviction. State v. Jackson, supra. This assignment has no merit.
Finally, the defendant complained in Assignment No. 3 that the sentence is excessive because the trial court failed to consider mitigating factors connected with his former relationship with the victim.
The record reflects the trial court considered the following in sentencing the defendant: the extensive prior criminal record of the defendant, the violent nature of the offense, the likelihood that the defendant would commit other crimes, and the fact that the defendant's parole had been revoked twice in the past. The trial court then sentenced the defendant to 20 years at hard labor. By stating for the record the factual basis for the sentence prior to sentencing, the trial judge adequately complied with C.Cr.P. Art. 894.1.
The defendant was subject to a maximum prison term of 30 years. Clearly, a sentence of two-thirds the maximum is not excessive in light of the offense and defendant's background. This assignment lacks merit.
For these reasons the conviction and sentence are affirmed.