I iWILLIAMS, J.
The defendant, Cesar D. Guiden, Jr. was charged by bill of information with armed robbery, a violation of LSA-R.S. 14:64. Thereafter, the state amended the bill to charge the defendant with the use of a firearm as a dangerous weapon in the commission of an armed robbery, a violation of LSA-R.S. 14:64.3. After a jury trial, the defendant was found guilty of first degree robbery and was sentenced to serve twenty-eight years at hard labor without the benefit of parole, probation or suspension of sentence. The defendant now appeals. For the following reasons, we affirm.
FACTS
On June 27, 2001, employees of the Fina Mart in Shreveport, Louisiana contacted police officers to report a robbery. Kiesha Oneal (“Oneal”), a store clerk, informed an officer that she was doing inventory when a man came into the store. Assuming that the man was a customer, Oneal went behind the counter to assist him. The assailant dropped a gun on the counter and then immediately picked it up and pointed it at Oneal’s head. He told her to give him the money from the cash register. He placed a yellow plastic bag on the counter and she gave him the money. As the assailant left the building, another employee was entering the store to report to work. Both employees described the assailant as a black male who was wearing a white tee shirt, blue jeans and a blue hard hat. Two other individuals who were about 50 yards from the convenience store, told an officer that a man had run out of the store and changed into all white clothing.
| {.The defendant was stopped by police officers approximately a block and a half from the Fina Mart because he was a black male dressed in all white clothing. He had a yellow plastic sack which contained $109 in cash in his pocket. The defendant was handcuffed and detained. The officers brought the employees over to the defendant and asked them whether he was the man who had robbed the store. Both employees responded, ‘Yes.”
*837 A short time later, a blue hard hat, a gun and a sack of clothes were found in a nearby field. There were no fingerprints on the gun. Subsequently, the investigating officers learned that at the time of the robbery, the cash register should have contained between $110 and $120. A partial palm print on the hard hat matched the defendant’s palm print that was on file with the police department from a prior arrest.
At trial, the two store employees and five police officers testified. The employee from whom the money was taken made an in-court identification of the defendant, the yellow bag in which he had put the money, the handgun and the blue hard hat. The officers informed the jury of their initial investigation, the arrest of the defendant and the collection and chain of custody of the physical evidence found on the defendant and in the field. The trial court denied the defendant’s motion for mistrial and required the defendant to give both a fingerprint and a palm print sample in the presence of the jury. The fingerprint expert testified that the defendant’s palm print taken in court matched the palm print found on the hard hat in the field.
UOn December 6, 2002, the jury in an 11-1 decision found the defendant guilty of a responsive verdict of first degree robbery. He was subsequently sentenced to serve 28 years at hard labor without the benefit of parole, probation or suspension of sentence. The trial court denied the defendant’s motion for post-verdict judgment of acquittal and this appeal ensued.
DISCUSSION

Assignment of Error Number One:

Sufficiency of the Evidence

By this assignment, the defendant contends the evidence was insufficient to support his conviction. He argues that the in-court identifications were tainted by the earlier improper actions of the officers when they asked the witnesses to identify him in handcuffs at the scene. He further argues that the circumstantial evidence was insufficient to exclude every reasonable hypothesis of innocence.
When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing the sufficiency of the evidence first is because the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accord with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proved beyond a [ reasonable doubt. State v. Hearold, 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La.App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747.
*838 The crime of first degree robbery is defined in LSA-R.S. 14:64.1, which reads as follows:
A. First degree robbery is the taking of anything of value belonging to another from the person of another, or that is in the immediate control of another, by use of force or intimidation, when the offender leads the victim to reasonably believe he is armed with a dangerous weapon.
B. Whoever commits the crime of first degree robbery shall be imprisoned at hard labor for not less than three years and for not more than forty years, without benefit of parole, probation or suspension of imposition or execution of sentence.
The defendant’s contention that the at-the-scene identifications and the in-court identification are tainted is without merit. While one of the store clerks was shown to not have actually been looking at the man’s face |sand admitted that she may have been in error about her at-the-scene identification of the robber, the testimony shows that the other store clerk did see the defendant’s face. She was the clerk who was actually robbed and had seen him face to face. He had pointed a gun at her from across the counter. She had given the defendant the money. Neither her at-the-scene identification nor her in-court identification of the defendant was controverted on cross-examination. The defendant has failed to sufficiently show why he contends the in-court identification was tainted by the prior at-the-scene identification.
This court’s authority to review questions of fact in a criminal case does not extend to credibility determinations made by the trier of fact. La. Const, art. 5, § 10(B); State v. Williams, 448 So.2d 758 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Bosley, supra.
The record shows that the jury accepted the store clerk’s testimony and identification and the other evidence supports her testimony. The same store clerk/victim had informed the officers that the robber had placed a yellow Dollar General bag on the counter at the time he had demanded the money. The store clerk also testified that between $110 and $120 was in the cash register. She further testified that there should have not been any twenty-dollar bills taken from the cash register. The officer testified that when the defendant was apprehended he had a yellow Dollar General bag | ^stuffed in his pocket which contained $109. The officer testified that the bag contained various denominations of bills, but no $20 bills.
The police officer also testified that when the defendant was stopped, he had on the same color clothing that the two witnesses outside the Fina store had told the officer the robber had changed into after coming out of the store.
Further, the store clerk/victim positively identified the defendant as the robber and the palm print identification matched the defendant’s print to the palm print found on the blue hard hat.
The defendant also argues that the evidence does not exclude every reasonable hypothesis of innocence. In his brief, the defense suggests as a theory of innocence that the defendant “could have picked the hat up in the field or anywhere else just as easily as an armed robber could.” The defendant argues that his prints could have been “placed on the hat at some time prior to it being used in the armed robbery.” He also argues that since neither the defendant’s prints nor any gloves were found with the clothing found by the po *839 lice, the gun could not have been the one used to commit the robbery although the store clerk identified it as the weapon used.
These arguments are both meritless and unreasonable. The evidence of record amply supports the jury’s conclusion that the officers arrested the man who had robbed the store. The fact that the defendant was caught with a Dollar General bag containing the approximate amount of money in the specific denominations reported to be in the cash register was far too much of a coincidence for the jury or this Court to ignore. The evidence taken as |7a whole dissolves any reasonable hypothesis of innocence. This assignment lacks merit.

Assignment of Error Number Two:

Motion for Neiu Trial

By this assignment, the defendant contends that the trial court erred in requiring him to submit to fingerprint and palm print examinations in front of the jury. He argues that this procedure was highly prejudicial and constitutes reversible error. Defendant asserts the trial court’s ruling denied him the right to a fair trial, he should not have been required to assist the state in convicting him and he had a right to “remain silent.” The defendant further argues that the impressions should have been taken during the discovery phase rather than during the trial, and he was surprised by the procedure.
The state argues that taking fingerprints or palm prints in the presence of the jury has been held to be proper and not prejudicial. It further states that the defendant was given notice through discovery that there was a palm print on the hard hat, and thus the identification via printing could not be viewed as a surprise.
The defendant relies on LSA-C.Cr.P. art. 775 which reads as follows:
A mistrial may be ordered, and in a jury case the jury dismissed, when:
(1) The defendant consents thereto;
(2) The jury is unable to agree upon a verdict;
(3) There is a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law;
(4) The court finds that the defendant does not have the mental capacity to proceed;
|s(5) It is physically impossible to proceed with the trial in conformity with law; or
(6) False statements of a juror on voir dire prevent a fair trial.
Upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by Article 770 or 771. A mistrial shall be ordered, and in a jury case the jury dismissed, when the state and the defendant jointly move for a mistrial.
The record indipates that a mistrial was sought after the first request for the taking of prints. Upon the state’s request, the court ordered the defendant to give a sample of his fingerprints. Before and after the taking of the prints, testimony was given by the expert witness. The defense made the request for a mistrial in a bench conference the next day. The motion was based on the fact that the expert indicated he was making a comparison to a palm print card that was “on file.” The witness’s comment that prints were “on file” indirectly indicated that the defendant had at least one prior arrest. The trial court acknowledged that the officer had made such a reference and that it was a problem, but did not grant the mistrial. *840 However, it did caution the state to be very careful about the issue.
While we note that the state made an error in making this indirect reference to a prior crime as prohibited by LSA-C.Cr.P. art. 770(2), based on the overwhelming evidence of the defendant’s guilt, we find such an error to be harmless. By the time the prints were taken from the defendant, the jury had already heard the testimony from the other witnesses connecting the defendant to the crime, and from the store clerk identifying Rthe defendant as the person who had robbed her and reciting the details of the robbery.
Although the defendant argues that “the taking of the prints in front of the jury” was prejudicial conduct that made it impossible for him to receive a fair trial, we are cognizant of the long line of cases that support the' state’s position that this procedure is not prejudicial nor an error.
In State v. Robertson, 358 So.2d 931 (La.1978), the supreme court stated:
Identification of Robertson as one of the perpetrators of the robbery was a material issue in dispute; therefore, the fingerprint identification of Robertson was highly probative to place him at Pailet and Penedo jewelers. Since the fingerprint on the card obtained from the latent print files in Washington was not current and not clearly identified as being that of Robertson, the in-court fingerprint procedure was necessary to obtain a current fingerprint which undeniably was Robertson’s. Clearly, the probative value of the procedure outweighed any prejudicial effects. Hence, we find no merit to defendants’ contention that the trial judge erred in requiring Robertson to be fingerprinted in the presence of the jury.
The defendant’s argument that the taking of the prints was a surprise and violated the discovery rules, particularly LSA-C.Cr.P. art. 719, is misplaced. Article 719(A) provides as follows:
A. Upon motion of the defendant, the court shall order the district attorney to permit or authorize the defendant to inspect and copy, photograph, or otherwise reproduce any results or reports, or copies thereof, of a physical or mental examination, and of scientific tests or experiments, made in connection with or material to the particular case, that are in the possession, custody, control, or knowledge of the district attorney and intended for use at trial. Exculpatory evidence shall be produced under this Article even though it is not intended for use at trial, (emphasis added)
|1nThe test was not conducted before the trial. Further, there is nothing in the record to support the defendant’s argument that he was surprised by the procedure or to learn that the palm print on the hard hat had been discovered prior to trial. Moreover, the defendant’s argument that he was surprised was not raised during the trial. Since neither the law nor the facts of this case support the defendant’s contention that the taking of the prints in front of the jury prejudiced him, this assignment as presented and argued lacks merit.
CONCLUSION
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.