CARTER, Judge:
This criminal appeal arises from the conviction of Carolyn M. Cobbs for second-degree murder, La.R.S. 14:30.1. Defendant-received the mandatory sentence under La. R.S. 14:30.1, life imprisonment at hard labor, without benefit of probation, parole, or suspension. Defendant appeals her conviction specifying two assignments of error.
FACTS
The following stipulation was agreed to by the state and defense counsel and read into the record in open court before the jury:
“On June 14th, 1982, an appointment was made by the defendant, Carolyn M. Cobbs, to see the decedent George Emitte Core, an attorney, to discuss a legal matter. The appointment was made for the following date, June 15th, 1982, at 4:00 *1244 p.m. Ms. Cobbs made the appointment under the name of Barbara Johnson.
“At approximately 9:30 a.m. on June 15th, 1982, Ms. Cobbs presented herself in Mr. Core’s office and stayed only briefly being told that her appointment was for 4:00 p.m.
“At 3:40 p.m. Ms. Cobbs called Mr. Core’s office and confirmed that her appointment was at 4:00 p.m.
“At 4:00 p.m. on June 15th, 1982, Ms. Cobbs arrived at Mr. Core’s office, identifying herself as Barbara Johnson. Ms. Cobbs was given a pamphlet to read, which she did, and the secretary began to fill out a form pursuant to Ms. Cobbs’ answers to certain questions. The answers which she gave to the questions asked by the secretary were false, but most resembled in some way the true facts pertaining to Ms. Cobbs.
“The completed form was taken to Mr. Core where he reviewed it and asked to see the client.
“Ms. Cobbs entered Mr. Core’s office and the door was shut behind them. After a minute or two of brief conversation between Ms. Cobbs and Mr. Core, Ms. Cobbs shot Mr. Core with a single shot from a .38-caliber revolver in the right -upper chest, a wound from which Mr. Core died a short time later.
“Ms. Cobbs left the office, remaining in Baton Rouge for several hours. She then left to go to Houston, Texas, where she obtained an apartment and remained for several days. She then voluntarily returned to Baton Rouge where she was arrested and charged with Mr. Core’s murder.
“Pursuant to a validly executed consent to search form, certain articles of clothing were found in the place where Ms. Cobbs had stayed in Houston, Texas, which generally matched the description of the clothes Ms. Cobbs was wearing at the time of the shooting.
“Several months prior to this incident, Ms. Cobbs (then Carolyn Matthews) had retained Mr. Core as her attorney to handle a divorce and to obtain a change of her name from Matthews to Cobbs. Mr. Core had obtained a divorce for Ms. Cobbs, but the permanent custody and control of the minor children were awarded to Ms. Cobbs’ former husband, Cleveland Matthews.
“Ms. Cobbs then sought the counsel of Mr. Richard Langford, a local attorney, who collected a fee from her in the amount of $500.00 in an effort to change custody of the children from Ms. Cobbs’ former husband, Cleveland Matthews. No work was ever done by Mr. Langford pursuant to this retainer and the retainer was eventually returned to Ms. Cobbs, although the first check which Mr. Lang-ford paid to her was returned to her marked “insufficient funds.”
“Ms. Cobbs wrote a letter to the Baton Rouge Bar Association seeking assistance from that body to correct what she had considered an injustice. Subsequent to that time, Ms. Cobbs made the appointment in Mr. Core’s office, for June 15, 1982.”
TRIAL COURT
Carolyn M. Cobbs was indicted for second degree murder for the killing of Baton Rouge attorney, George Emitte Core. Following a trial by jury, defendant was found guilty on October 8,1982, by a vote of 11 — 1. She was sentenced to life imprisonment without benefit of probation, parole, or suspension of sentence on October 29, 1982. This criminal appeal followed.
ASSIGNMENTS OF ERROR
Defendant-appellant, Carolyn M. Cobbs, related the following assignments of error:
1. The trial court erred in allowing certain photographs of the victim to be admitted and displayed to the jury despite timely objection; ■
2. The trial court erred in returning a verdict of guilty of second degree murder, said verdict being contrary to the law and the evidence.
ASSIGNMENT OF ERROR NO. 1
Counsel for defendant argues that the introduction of state exhibits S-6 through S-ll, photographs of the victim at the *1245 scene of the shooting, were prejudicial and had no probative value since both the state and defendant entered into a stipulation regarding the facts of the case. Counsel for defendant contends that the only real issue at trial was whether defendant was sane at the time of the event. Defendant further contends that the manner in which the shooting occurred, the location and severity of the wounds, identity of the victim, or proving corpus delicti were not issues and the state had no reason to introduce the photographs other than to prejudice the jury.
Counsel for the state contends that the pictures did have probative value and that an issue in the case was whether the victim had in any way provoked the shooting. If it could be established that the victim provoked the shooting, the crime could be more readily viewed as manslaughter rather than as second degree murder. The state strenuously contends that the pictures indicate that by the position of the victim’s body, the victim was behind his large, wide desk, thereby establishing that the victim had done nothing to provoke the defendant.
The well established test regarding the admissibility of allegedly gruesome photographs is whether their probative value outweighs the possible prejudice that may have resulted from their display to the jury. The photographs of the body of a deceased victim have been held relevant to prove corpus delicti; to corroborate other evidence as to the manner in which the death occurred; to establish the location, severity and number of wounds; and to establish the identity of the victim. State v. Perry, 420 So.2d 139 (La.1982); State v. Tonubbee, 420 So.2d 126 (La.1982); U.S. appeal pending; State v. Lang, 430 So.2d 1239 (La.App. 1st Cir.1983).
After a review of the exhibits in question, we do find probative value in the photographs and, therefore, find that they were properly admitted into evidence. Although, the existence of a stipulation of the facts agreed to by counsel must necessarily bear upon a balancing of the probative value of the photographs against their prejudicial effect, the decision, nonetheless, remains primarily one for the trial court. State v. Motion, 395 So.2d 1337 (La.1981), U.S. cert. denied, 454 U.S. 850, 102 S.Ct. 289, 70 L.Ed.2d 139 (1981), citing State v. Landry, 388 So.2d 699 (La.1980), U.S. cert. denied, 450 U.S. 968, 101 S.Ct. 1487, 67 L.Ed.2d 618 (1981); State v. Sterling, 377 So.2d 58 (La.1979). We first note that the photographs are not overly bloody or gruesome. Only one photograph, S-2, was taken from close proximity to the body. However, that photograph also shows the location of the body behind the desk lending credence to the state’s contention that there was no struggle or provocation involved. Although the defense stipulated as to the identity of the victim, the corpus delicti, the nature of the wounds, and certain other evidence pertaining to the manner in which death occurred, one aspect of the death was hotly contested at the trial — whether the victim had done something that would so startle the defendant as to provoke the fatal shot. In his opening statement, counsel for defendant stated “... something happened in Mr. Core’s office that Dr. Silva will tell you about — a very tragic, tragic thing, ... that triggered Carolyn Cobbs.” Counsel for defendant further argued that of the possible verdicts only two could properly be rendered by the jury, viz., manslaughter or not guilty and not guilty by reason of insanity. LSA-R.S. 14:31(1) requires “sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflexion”. Since provocation has to be “immediate”, the location of the body and the scene of the crime were extremely relevant evidence. Therefore, balancing the probative value of the photographs against their prejudicial effect and considering the extreme relevancy of the photographs as compared to the fact that they were not overly bloody or gruesome (as contrasted with autopsy photographs), we find no error on the part of the trial court.
ASSIGNMENT OF ERROR NO. 2
This assignment was not briefed on appeal. Under Rule 2-12.4 of the Uniform *1246 Rules of the Court of Appeal, we consider this assignment as abandoned.
DECREE
Therefore, for the above and foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.