444 So.2d 238 (1983)
STATE of Louisiana
v.
Larry E. BOOKER.
No. 83 KA 0471.
Court of Appeal of Louisiana, First Circuit.
December 22, 1983.
Rehearing Denied January 19, 1984.
Writ Denied March 16, 1984.
*239 Alexander L. Doyle, Asst. Dist. Atty., Houma, for plaintiff.
Charles G. Blaize, Indigent Defender Bd., Houma, for defendant.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
ALFORD, Judge.
Defendant, Larry E. Booker, was charged with second degree murder, a violation of LSA-R.S. 14:30.1, in connection with the shooting death of his wife, Loraine Booker. A jury convicted him as charged, and he was subsequently sentenced to serve life imprisonment at hard labor, without benefit of probation, parole or suspension of sentence. He has appealed, alleging five assignments of error:
1. The trial court erred in denying defendant's motion for a speedy trial.
2. The trial court erred in denying defendant's motion to proceed as his own co-counsel.
3. The trial court erred in admitting a close-up color photograph of the victim after the shooting into evidence.
4. The trial court erred in denying defendant's motion for a mistrial after it allowed the jury to re-examine the grusome photograph after the jury had started deliberation.
5. The trial court erred in denying defendant's motion for a new trial.
The victim, Loraine T. Booker, was killed by a shot from a .30-.30 rifle fired from close range. The shot entered the victim's head just below her left eye, killing her instantly.
Defendant was arrested in Mobile, Alabama, several days after the shooting. He gave a written statement in which he admitted that he was holding the gun when the shot was fired, but he stated that the rifle went off accidentally when she grabbed the gun as he was leaving to go on a hunting trip. Defendant admitted that he and the victim had been quarreling all day and that he had consumed a substantial quantity of alcohol.
After the shooting, defendant took his clothing and drove to New Orleans, disposing of the rifle in a field along the way, where it was later recovered. Defendant hitch-hiked his way to Mobile, where some of his relatives lived. He was arrested there on other charges, and it was discovered that an alert had been sent to the Mobile police because of defendant's relatives there. He waived extradition and was brought back to Louisiana, where he gave *240 the statement. A grand jury subsequently indicted him for the second-degree murder of his wife.

ASSIGNMENT OF ERROR NUMBER ONE
In this assignment of error, the defendant argues that the trial court erred in denying his motion for a speedy trial.
Initially, we note that the trial in this case was commenced well within the three year period set out in La.C.Cr.P. art. 578. Defendant was arrested on November 24, 1981, and indicted for second degree murder on January 7, 1982. The trial commenced on February 14, 1983.
In Louisiana every person is guaranteed the right to a "... speedy, public and impartial..." trial. La. Const. of 1974, art. I, § 16. Under the provisions of article 578 of the Louisiana Code of Criminal Procedure, the State has three years from the date of institution of prosecution to commence trial for this crime.
The right to a speedy trial attaches from the time the defendant becomes an accused by arrest or actual restraint or by formal bill of information or indictment. State v. Bodley, 394 So.2d 584 (La.1981). The time limitation is suspended whenever the defendant files a preliminary plea or motion to quash until the court rules on these matters. In no instance, however, will the State have less than one year after the court's ruling to commence trial. La.C. Cr.P. art. 580.
If the defendant files a motion for a speedy trial, as in this case, the provisions of article 701(D) of the Code of Criminal Procedure apply.[1] This article provides in part:
After the filing of a motion for a speedy trial by the defendant, the time period for commencement of trial shall be as follows:
(1) The trial of a defendant charged with a felony shall commence within one hundred twenty days if he is continued in custody and within one hundred eighty days if he is not continued in custody.
As noted above, in this case the defendant was arrested November 24, 1981, and indicted January 7, 1982. A trial date was set for June 23, 1982, but was cancelled on the motion of the State. The minutes reflect that the district attorney requested the continuance because of a conflict with another criminal jury trial which was underway. (However, the transcript of the hearing on the motion reflects that the prosecution thought the case was continued because of the absence of a witness.)
On June 30, 1982, the defendant filed in proper person, a motion for a speedy trial. A hearing was set for September 28, 1982, but was reassigned to October 29, 1982. At the hearing on October 29th, the trial court denied the motion. In effect, the lower court held that since the trial date fell within the time frame set forth in La.C. Cr.P. art. 578, prosecution of the defendant met constitutional muster. The hearing was very short and it is significant to note that neither the defendant nor his counsel made any arguments as to why the motion should succeed.
Our analysis of the record convinces us that this assignment of error lacks merit. Flexibility is the governing philosophy in determining whether or not delay constitutes denial of the right to a speedy trial. In determining whether defendant's constitutional right to a speedy trial has been violated, no fixed period of time is determinative. Rather, the conduct of both the prosecution and defense are weighed in light of four factors, including the length of delay, the reason for the delay, the defendant's assertion of his rights and the actual prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); State v. James, 394 So.2d 1197 (La.1981).
In weighing the above factors, we admit no hesitation in finding defendant's argument unpersuasive. First, the length *241 of the delay between indictment and trial was only a little over one year. Given the seriousness of this crime, we do not feel this was an excessive delay. Second, the reason for the delay appears tenable. Whether one accepts the explanation provided in the minutes (interference with another criminal jury trial), or that posited by the district attorney at the hearing (apparent absence of a witness), the reasons for the delay mitigate in favor of the State in this case. Third, while it is true that the defendant did assert his right to a speedy trial soon after the original trial date was cancelled, it is also true that the defendant failed to demonstrate even the slightest prejudice to his case because of the relatively short delay between the first and second trial dates. Our own examination of the record reveals no such prejudice either.
Thus, using the flexible approach suggested by the Barker v. Wingo case as our guide, our analysis reveals the trial judge was correct in denying defendant's motion, and as such, we reject this assignment of error.

ASSIGNMENT OF ERROR NUMBER TWO
In this assignment of error, defendant argues that the trial court erred in denying his motion to proceed as his own co-counsel.
On November 25, 1981, defendant appeared in court, and, after having advised the court that he was without counsel and financially unable to afford an attorney, the court appointed the Indigent Defenders Board to represent him. On June 2, 1982, defendant filed a pro se motion, requesting that he be permitted to directly participate in the proceedings, as co-counsel, because much of the defense evidence consisted of facts within his exclusive knowledge. After a hearing, the court denied defendant's motion.
The right to self-representation is implied by the Sixth Amendment to the United States Constitution. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The Louisiana Code of Criminal Procedure, article 511 also provides for a defendant's right to counsel as follows:
The accused in every instance has the right to defend himself and to have the assistance of counsel. His counsel shall have free access to him, in private, at reasonable hours.
Defendant argues that the court violated defendant's right to counsel by refusing to permit him to act as co-counsel. We disagree.
In Faretta, supra, the court was concerned solely with the issue of a defense request to represent himself; the court found a violation of his Sixth Amendment right in the action of the trial court in requiring the defense to be presented through a court-appointed attorney. The court reversed defendant's conviction, directing the court to permit defendant to represent himself if he chose to exercise the right of self-representation.
Defendant herein did not wish to represent himself, but to act as co-counsel, in conjunction with a court-appointed attorney. Defendant has no constitutional right to be both represented and representative. State v. McCabe, 420 So.2d 955 (La.1982); Bodley, 394 So.2d at 593. Defendant has not alleged any way in which his defense was prejudiced because he did not participate directly as counsel. We find no error on the part of the trial court and reject this assignment of error.

ASSIGNMENTS OF ERROR THREE AND FOUR
In these assignments of error defendant alleges that the trial court erred in admitting certain photographs of the decedent into evidence and further erred in permitting the jury to reexamine the photographs after the jurors had retired to consider their verdict. Defendant argues that because the defense stipulated as to the identity of the victim and that she had been shot in the face, the photographs were not relevant to any contested issues.
*242 Photographs of the victim are generally admissible to prove corpus delecti, to corroborate other evidence establishing the cause of death, and to establish the identity of the victim. State v. Brogdon, 426 So.2d 158 (La.1983). The ruling of the trial court with respect to allegedly gruesome photographs will not be disturbed unless the prejudicial effect of the pictures clearly outweighs their probative value. State v. Germain, 433 So.2d 110 (La.1983). Although the existence of a stipulation of the facts agreed to by counsel must necessarily bear upon a balancing of the probative value of the photographs against their prejudicial effect, the decision as to admissibility, nevertheless, remains primarily one for the trial court. State v. Cobbs, 434 So.2d 1243 (La.App. 1st Cir.1983). The court found the photographs relevant to the defense of accident. We think the probative value of the pictures outweighed their unpleasant nature, and we find no error on the part of the trial court in admitting the photographs into evidence.
Defendant urges that the trial court should have declared the mistrial requested by defendant, when the jurors requested to see the photographs during deliberation. Basically, his argument is based on the admissibility vel non of the photographs. Since we have already found the photograph to be admissible, we hold that the trial court did not err by denying defendant's motion for a mistrial.
These assignments of error are without merit.

ASSIGNMENT OF ERROR NUMBER FIVE
By this assignment, the defendant argues the trial court erred in failing to grant his motion for a new trial. This motion was predicated on defendant's assertion that the verdict was contrary to the law and the evidence.
In reviewing a conviction via a motion for new trial based upon the alleged insufficiency of the evidence, the court is required to consider the evidence in the light most favorable to the prosecution and determine whether any rational finder of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Hoffer, 420 So.2d 1090 (La.1982).
The crime of second degree murder is defined in La.R.S. 14:30.1, in part, as follows:
Second degree murder is the killing of a human being:
(1) When the offender has a specific intent to kill or to inflict great bodily harm;...
The elements of the offense the state must prove are: (1) a killing of a human being occurred; (2) the defendant did the killing; and (3) the defendant had a specific intent to kill or inflict great bodily harm. Specific intent is a state of mind in which "the offender actively desired the prescribed criminal consequences to follow his act or failure to act." La.R.S. 14:10(1). La.R.S. 15:445 provides as follows:
In order to show intent, evidence is admissible of similar acts, independent of the act charged as a crime in the indictment, for though intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction.
On appeal, the defendant argues that the State failed to prove the element of intent. Essentially, defendant asserts that the evidence failed to rebutt defendant's claim that the shooting of his wife was accidental. On the other hand, the State asserts that when the evidence presented to the jury is taken as a whole, then it clearly preponderates in favor of a guilty verdict. We have carefully reviewed the entire record and the exhibits in this case and we think the evidence supports the jury's determination of guilt.
In the final analysis, our function is not to review the facts and substitute our opinion for that of the jury's. Rather, we are limited to reviewing whether there is sufficient evidence to support the verdict, and we must do so in a light most favorable to *243 the State. Jackson, 443 U.S. at 319, 99 S.Ct. at 2789. See also State v. Washington, 421 So.2d 887 (La.1982). We think that when the evidence is viewed in a light most favorable to the State, then it is certainly reasonable that a rational trier of fact could have concluded Booker was guilty of the second degree murder of his wife. We agree with the jury's determination of guilt, and as such, we reject this assignment of error.
Having found no merit in the defendant's assignments of error, we affirm defendant's conviction and sentence.
AFFIRMED.
NOTES
[1] Article 701(D) was amended September 10, 1982, however, the language quoted was in effect on the date of the motion for a speedy trial and the date of the trial on the merits.