499 So.2d 585 (1986)
STATE of Louisiana, Appellee,
v.
Dennis R. LEONARD, Appellant.
No. 18554-KW.
Court of Appeal of Louisiana, Second Circuit.
December 3, 1986.
*586 Davenport, Files & Kelly by Thomas W. Davenport, Jr., Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, William R. Coenen, Jr., Dist. Atty., Terry Doughty, Asst. Dist. Atty., Rayville, for appellee.
Before SEXTON and LINDSAY, JJ. and HEARD, J., Pro. Tem.
LINDSAY, Judge.
The defendant, Dennis R. Leonard, filed a writ of habeas corpus in the trial court claiming his statutory right to a speedy trial under LSA-C.Cr.P. Art. 701(D) had been violated by failure of the state to commence trial within 120 days of the filing of his motion for speedy trial. Defendant claimed that under the statute, because no trial was held within the time period provided by the statute, he was entitled to release from custody without bail. The trial court found that although more than 120 days had elapsed since the filing of the motion for speedy trial while the defendant remained in custody, there was "just cause" for the delay and refused to release the defendant. The defendant applied to this court for supervisory writs which we granted September 4, 1986. We ordered the Clerk of the Fifth Judicial District Court to file with this court copies of the entire record of the original proceedings in this matter and we placed the matter on our regular court docket. For the reasons set forth below, we affirm the trial court judgment denying defendant's release without bail, recall the writ and remand to the trial court for further proceedings.

FACTS
The defendant was arrested on or about November 26, 1985 on charges of aggravated burglary and attempted first degree murder. Bail was set in the amount of $200,000. The defendant was not able to post bail.
On January 15, 1986 the defendant filed various motions including a motion for speedy trial. A bill of information was filed on January 24, 1986 charging the defendant with aggravated burglary and attempted first degree murder. The bill of *587 information was later amended to include the charge of armed robbery. On January 29, 1986 the defendant appeared in court, waived arraignment and pled not guilty. A preliminary examination was scheduled for February 11, 1986 and trial on the merits was set for trial on March 3, 1986.
On February 10, 1986, defendant filed a motion to suppress physical evidence and a hearing was held on this motion on February 25, 1986.
At this hearing, the defense called the victim of the crimes as a witness. The defendant contended that the testimony of this witness was necessary to test the truthfulness of a search warrant affidavit executed by a law enforcement officer which was the subject of the motion to suppress evidence. The state objected and the court sustained the objection. The defendant then gave oral notice of his intention to apply to this court for supervisory writs to review the trial court ruling. The trial court stayed the proceedings pending the filing of the writ application with this court and granted the defendant until March 11, 1986 to perfect his application. The original trial date of March 3, 1986 was then cancelled pending further proceedings. The defendant filed his application with this court on March 10, 1986. However, because the writ application did not comply with the requirements of Rule 4.3 of the URCA, this court refused to consider the defendant's application at that time. On April 9, 1986 the defendant filed a motion for reconsideration of his application which was then in compliance with the rules of this court. The court granted the defendant's motion for reconsideration and after review of the application, this court granted defendant's writ on May 8, 1986 and ordered that the defendant be allowed to question the victim only as to the description of the perpetrators which the victim had given to the affiant officer at the time the officer prepared the affidavit. (Docket No. 18,085-KW)
Following the granting of the defendant's writ application and this court's order of May 8, 1986 allowing the defendant to call the victim as a witness, the record reflects that a hearing on the motion to suppress was scheduled for August 5, 1986. We note that a special jury term was called for the week of June 2, 1986 for the trial of other cases, but at that time the motion to suppress evidence filed in this case had not been completed. On August 1, 1986, the defendant filed a writ of habeas corpus with the trial court alleging that more than 120 days had elapsed since the filing of his motion for speedy trial and no trial in the matter had commenced.
On August 5, 1986 the trial court heard arguments on the defendant's habeas corpus application and received additional testimony on the motion to suppress evidence. At the conclusion of the proceedings, the trial court denied the defendant's request to be released from custody without bail and took the motion to suppress evidence under advisement pending the submission of briefs by counsel for the defendant and the district attorney. At that time, the case was again set for trial for the very next jury term commencing September 29, 1986.
At the hearing on the defendant's application for writ of habeas corpus, the defendant argued that he was unable to post bail and obtain release from custody during the pendency of these proceedings. The defendant contended that even excluding the time period from February 25, 1986 to May 8, 1986 while the case was stayed pending a resolution of his writ application in this court, more than 120 days had elapsed since the filing of his motion for speedy trial, and that under LSA-C.Cr.P. Art. 701(D) he was entitled to be released from custody without being required to post bail. The state pointed out that the case had been set for trial during the jury term scheduled for March 3, 1986 but the case was not heard during that term because the defendant had obtained a stay in the proceedings in order to apply for writs on the motion to suppress. It was also apparent that the hearing on the motion to suppress evidence had not yet been completed. Further, although a special jury *588 term had been scheduled for June 2, 1986, the defendant's writ application had just recently been decided in the court of appeal, as noted above.
The trial court found just cause for the delay in scheduling the trial in this matter due to the crowding of the court's docket. The defendant then filed this the present application in this court seeking review of the trial court's ruling. The writ was granted on September 9, 1986. On September 24, 1986 the defendant filed a motion for continuance in the trial court asking that the trial which had been set for September 29, 1986 be continued to a later date because defense counsel had a conflict with another case in another jurisdiction. By agreement, the case was continued, with the stipulation that any delay occurring after September 29, 1986 was waived by the defendant. The case was then docketed for the next jury term on November 17, 1986.

RIGHT TO SPEEDY TRIAL
The right to a speedy trial has a constitutional basis in the Sixth Amendment of the United States Constitution and Article 1 § 16 of the Louisiana Constitution of 1974. This right also has a statutory basis found in LSA-C.Cr.P. Art. 701. These bases are not equivalent. State v. Pleasant, 489 So.2d 1005 (La.App. 1st Cir. 1986).

CONSTITUTIONAL RIGHT
The constitutional right to a speedy trial attaches at the time the defendant becomes accused either by indictment, bill of information or by arrest and actual restraint. State v. Nowell, 363 So.2d 523 (La.1978). In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the U.S. Supreme Court set forth a four part test for determining whether a defendant's constitutional right to a speedy trial had been violated. The factors include the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. The Louisiana Supreme Court has adhered to the Barker test in evaluating the claims of violation of the right to a speedy trial under the Louisiana Constitution. State v. James, 394 So.2d 1197 (La.1981); State v. Reaves, 376 So.2d 136 (La.1979). Flexibility is the governing philosophy in determining whether or not delay constitutes a denial of the constitutional right to a speedy trial. Barker v. Wingo, supra; State v. James, supra. If a defendant has shown that the delay between accusation and trial has been inexcusably long and that the delay prejudiced his right to a fair trial, the proper remedy may be dismissal of the prosecution. State v. Crain, 379 So.2d 1094 (La.1980).
In State v. Reaves, supra, the Louisiana Supreme Court held that the motion to quash, the all embracive plea whereby an accused may urge all pleas or defenses to be raised before trial other than those relating to the merits of the charge, was the proper procedural vehicle for raising speedy trial violations.

STATUTORY RIGHT
In contrast to the constitutional right to a speedy trial, the Louisiana statutory right to speedy trial relied upon by defendant is provided by LSA-C.Cr.P. Art. 701. In 1981, the legislature amended Article 701 to provide that failure to try a defendant within specified time periods would result in his release without bail or discharge of the bail obligation if, after contradictory hearing, the state failed to prove just cause for the delay. State v. Pleasant, supra. LSA-C.Cr.P. Art. 701 provides, in pertinent part:
D. After the filing of a motion for speedy trial by the defendant, the time period for commencement of trial shall be as follows:
(1) The trial of a defendant charged with a felony shall commence within one hundred twenty days if he is continued in custody and within one hundred eighty days if he is not continued in custody.
(2) The trial of a defendant charged with a misdemeanor shall commence within thirty days if he is continued in *589 custody and within sixty days if he is not continued in custody. Failure to commence trial within the time periods provided above shall result in the release of the defendant without bail or in the discharge of the bail obligation, if after contradictory hearing with the district attorney, just cause for delay is not shown.
E. "Just cause" as used in this Article shall include any grounds beyond the control of the State or the Court.
It is under this statutory provision that the defendant asserts he has been denied his right to a speedy trial.
However, the defendant correctly notes that LSA-C.Cr.P. Art. 701 provides a remedy for violation of the right to speedy trial that is less severe than dismissal of the prosecution. State v. Pleasant, supra; State v. Grissom, 448 So.2d 757 (La.App. 2d Cir.1984). That remedy is release from custody without bail or release from a bail obligation if the defendant is not in custody.
In the instant case, no trial has been commenced within the statutorily alloted period of time following the date the defendant filed his motion for a speedy trial. The proper inquiry now becomes whether just cause existed for the delay.

JUST CAUSE
Whether the defendant is to be released from custody without bail depends upon a determination of whether the delay in the commencement of defendant's trial following the filing of the motion for speedy trial has been attributable to "just cause." LSA-C.Cr.P. Art. 701(E) defines just cause as any grounds beyond the control of the State or the Court.
The jurisprudence dealing with claims of denial of the right to speedy trial have considered the issue on appeal following a conviction. The instant case presents the issue in a pretrial posture when the defendant seeks to be released from jail without being required to post bond.
The issue is whether there has been just cause for the delay in the commencement of the trial. In post conviction cases, the jurisprudence has considered several factors which were held to be "just cause" for delay in commencing trial, such as the delays caused by searches for key witnesses, defense motions, or docket overcrowding. State v. Sweeney, 443 So.2d 522 (La.1983); State v. Bodley, 394 So.2d 584 (La.1981); State v. McMahon, 391 So.2d 1120 (La.1980); State v. Booker, 444 So.2d 238 (La.App. 1st Cir.1983); State v. Johnston, 480 So.2d 823 (La.App. 2nd Cir.1985); State v. Ring, 461 So.2d 1162 (La.App. 3rd Cir.1984); State v. Sosa, 446 So.2d 429 (La.App. 4th Cir.1984), writ denied 450 So.2d 361 (La.1984), U.S. cert. denied 469 U.S. 866, 105 S.Ct. 209, 83 L.Ed.2d 140 (1984).
In evaluating whether a defendant's right to a speedy trial has been violated and in seeking to determine whether there has been a "just cause" for the delay in commencement of trial, the jurisprudence generally seems to refer to one or more of the four factors used in Barker v. Wingo, supra, regardless of whether the claim is asserted on constitutional or statutory grounds, including the reasons for the delay and the possible prejudice to the defendant.
In the instant case, the defendant filed a motion for speedy trial on January 15, 1986. A trial was scheduled for the next available jury term, March 3, 1986, less than 60 days from the filing of defendant's motion for speedy trial. Trial was not held on March 3, 1986 due to a stay in the proceedings caused by defendant's application for supervisory writs to this court on a motion to suppress. Action on the writ application was impeded due to defendant's failure to properly perfect his writ application. After a proper application was filed and decided by this court in defendant's favor, the case was not ready for trial because the hearing on the motion to suppress evidence had not been completed. Whether this case could have been set for jury trial in June is not reflected by the record. However, after the case was decided *590 in this court, the state set a hearing date to proceed with the taking of evidence on the motion to suppress. The state also again set the case for trial for the following available jury term, September 29, 1986.
At the hearing in the trial court on defendant's writ of habeas corpus, the court noted the crowded nature of its docket as contributing to the delay in scheduling the trial. As mentioned previously, the record in this case contains a motion for continuance filed by defendant's counsel asserting that September 29, 1986 is an unacceptable trial date due to other matters on counsel's calendar. Both parties agreed to reschedule the trial for the November jury term.
Under these facts, it is clear that the state has acted diligently and in good faith to afford this defendant a speedy trial. Delays have been primarily attributable to docket crowding in the trial court and to delays caused by the defendant himself. At the time defendant filed his writ of habeas corpus to enforce his right to a speedy trial in accordance with LSA-C. Cr.P. Art. 701(D), the motion to suppress evidence had not been concluded nor ruled upon by the trial court. Further, only one hundred twenty-nine days had passed since the filing of defendant's motion for speedy trial, excluding the time during which the proceedings were stayed pending a decision on defendant's application for supervisory writs on the motion to suppress. The state has been unable to properly reschedule this case for trial during this period because of other cases on the trial docket. However, the primary cause of the delay has been occasioned by the stay of proceedings concerning the defendant's application for supervisory writs, the resolution of those issues and the conclusion of the hearing on the motion to suppress evidence. Under these circumstances, the trial court was correct in finding that just cause existed for the delay in commencement of the trial and did not err in denying defendant's request for release without bail.

CONCLUSION
For the above stated reasons we affirm the trial court judgment, recall the writ and remand to the trial court for further proceedings.
AFFIRMED, WRIT RECALLED, REMANDED TO TRIAL COURT.