STATE OF LOUISIANA
v.
KELLY VANDERHOFF AND SEAN WADE WOODARD.
No. 2007 KA 1091.
Court of Appeals of Louisiana, First Circuit.
November 2, 2007.
NOT DESIGNATED FOR PUBLICATION.
WALTER P. REED District Attorney, KATHRYN W. LANDRY, Counsel for Appellee State of Louisiana.
JERRY L. FONTENOT, Counsel for Defendants/Appellants Kelly Vanderhoff and Sean Wade Woodard.
Before PARRO, KUHN, and DOWNING, JJ.
KUHN, J.
Defendants, Kelly Vanderhoff and Sean Woodard,[1] were charged by bill of information with one count of second degree cruelty to juveniles, a violation of La. R.S. 14:93.2.3. The bill of information was filed on September 17, 2002. Defendants entered pleas of not guilty. In March 2007, defendants filed motions to quash the bill of information.[2] Defendants' motions alleged that more than two years had elapsed since the institution of prosecution and they had not been brought to trial, thus La. C.Cr.P. art. 578 barred the State from prosecuting them. Following a hearing, the trial court granted defendants' motions to quash. The State appeals. After reviewing the record, we reverse the trial court's decision granting defendants' motions to quash and remand this matter for further proceedings.

DISCUSSION
Defendants were charged with second degree cruelty to juveniles, a violation of La. R.S. 14:93.2.3. The penalty provision of La. R.S. 14:93.2.3(C) provides whoever commits this crime shall be imprisoned at hard labor for not more than forty years.
The right to a speedy trial attaches from the time the defendant becomes an accused by arrest or actual restraint or by formal bill of information or indictment. The time limitation is suspended whenever the defendant files a preliminary plea or motion to quash until the court rules on these matters. In no instance, however, will the State have less than one year after the court's ruling to commence trial. La. C.Cr.P. art. 580; State v. Booker, 444 So.2d 238, 240 (La. App. 1st Cir. 1983), writ denied, 446 So.2d 1227 (La. 1984). It has been determined that a motion to continue filed by a defendant is a preliminary plea under La. C.Cr.P. art. 580 that suspends the running of time limitations established by La. C.Cr.P. art. 578. See State v. Marshall, 99-2884, p. 4 (La. App. 1st Cir. 11/8/00), 808 So.2d 376, 379.
After reviewing the record in the instant case, we find that the trial court erred in granting defendants' motions to quash. The transcript of the hearing on these motions reflects that much attention was given to whether defendants' failure to appear for a September 19, 2005[3] trial date constituted an interruption or a suspension; however, because of other filings by defendants, that issue is not relevant to our review of the trial court's ruling.
We find that the time period for commencing defendants' trial has not expired because defendants filed multiple preliminary pleasspecifically continuancesthat suspended the running of this period.

Kelly Vanderhoff
The bill of information charging Vanderhoff was filed on September 17, 2002. Under La. C.Cr.P. art. 578A(2), the State had until September 17, 2004 to commence trial. The record reflects that prior to the expiration of this time period, on August 23, 2004, defense counsel was granted a continuance of the trial to October 25, 2004. However, according to the plain language of Article 580, the State had one year from the date of this ruling to commence trial. Thus, the State had until August 23, 2005 to commence trial.
On November 15, 2004, the trial court granted a continuance (until December 13, 2004) pursuant to defense counsel's motion, thereby giving the State until November 15, 2005, to commence defendant's trial. On January 24, 2005, the trial court granted a continuance (until May 9, 2005) pursuant to defendant's motion, thereby giving the State until January 24, 2006 to commence defendant's trial. On November 7, 2005, the trial court granted defendant another continuance (until November 9, 2005), thereby giving the State until November 7, 2006 to commence defendant's trial. Finally, on August 28, 2006, the trial court granted defendant a continuance (until October 9, 2006), thereby giving the State until August 28, 2007 to commence trial. Thus, defendant Vanderhoffs March 7, 2007 motion to quash should have been denied because the time period for bringing her to trial had not expired.

Sean Woodard
The bill of information charging Woodard was filed on September 17, 2002. Under La. C.Cr.P. art. 578A(2), the State had until September 17, 2004 to commence trial. On August 23, 2004, defendant was granted a continuance of his trial (until October 25, 2004), giving the State until August 23, 2005 to commence trial. On December 13, 2004, the trial court granted defendant a continuance (until December 17, 2004), thereby giving the State until December 13, 2005 to commence defendant's trial.
On November 7, 2005, the trial court granted defendant a continuance (until November 9, 2005), thereby giving the State until November 7, 2006 to commence defendant's trial. On August 28, 2006, the trial court granted defendant a continuance (until October 9, 2006), thereby giving the State until August 28, 2007 to commence defendant's trial. Thus, Woodard's March 9, 2007 motion to quash should have been denied because the time period for bringing him to trial had not expired.
Accordingly, because each defendant filed continuances extending the time period in which the State could commence trial, the time period had not expired prior to the filing of defendants' motions to quash. The ruling of the trial court quashing the bill of information is reversed, and we remand this matter for further proceedings.
RULINGS ON MOTIONS TO QUASH REVERSED; REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] Defendants are husband and wife.
[2] Vanderhoffs motion to quash was filed on March 7, 2007, and Woodard's motion to quash was filed on March 9, 2007.
[3] The September 19, 2005 trial date was approximately twenty days after Hurricane Katrina made landfall. Defendants had relocated to Tallahassee, Florida to stay with relatives, and returned to the Twenty-Second Judicial District on September 23, 2005, in order to be served with notice of their new trial date.